# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DORSEY,<br>Plaintiff,<br>v.<br>WEIGAND, et al.,<br>Defendants. | Case No. 1:25-cv-00397-JLT-SAB (PC)<br><br>ORDER CONSTRUING MOTION TO STAY AS UNOPPOSED MOTION TO MODIFY THE SCHEDULING ORDER AND GRANTING MOTION<br><br>(ECF No. 21) |

Pending before the Court is a motion to stay this action for 120 days by Plaintiff. (ECF No. 21.) Defendants have answered and a scheduling order is in place in this matter. (ECF No. 16.) In his motion, Plaintiff notes that he has had two recent surgical procedures for which he is still recovering. (ECF No. 21, p. 2.) Plaintiff indicates that his pain in this respect has only intensified since. (Id. at p. 4.) Plaintiff offers to submit period status reports during a stay. (Id.) Defendants have filed a non-opposition to the motion to stay. (ECF No. 22.)

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997), citing Landis v. North America Co., 299 U.S. 248, 254 (1936). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007). Instead, district courts should "balance the length of any stay against the strength of the

justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000) (discussing that if a stay is especially long or its term is indefinite, a greater showing is required to justify it).

Though the Court cognizant that Plaintiff has undergone surgical procedures that may affect his ability to prosecute his case, the Court does not find that a stay is appropriate at this time. That said, the Court finds that an extension of the dates in the scheduling order by 120 days to be appropriate and balanced to the justification given by Plaintiff.

Accordingly, the Court CONSTRUES the motion for a stay as a motion to continue the dates in the scheduling order by 120 days. As such, the Court GRANTS the motion and orders the following dates are modified:

| | |
|---|---|
| Deadline to Amend Pleadings: | March 1, 2027 |
| Exhaustion Motion Filing Deadline: | March 30, 2027 |
| Discovery Deadline: | July 28, 2027 |
| Dispositive Motion Deadline: | October 8, 2027 |

The Court notes that these dates are seemingly more than adequate to prosecute this matter and any further motion for an extension will not be well-taken. That said, should any extension be sought in the future, it must be supported by good cause. (See ECF No. 16.)

IT IS SO ORDERED.

Dated: **September 23, 2026**

STANLEY A. BOONE
United States Magistrate Judge